DAVID R. DANSER

v

UNITED STATES OF AMERICA

No. 1:05 cv 1182 JDT-TAB

FILED
U.S. DISTRICT COURT

06 JUN 14 PM 2:41

... DISTRICT
... ANA
LAURA A. BRIGGS
CLERK

CLERK OF COURT,

BACK IN MAY, 1998, I WAS ADVISED BY PRE-TRIAL COUNSEL ROY GRAHAM THAT THE ARREST AND SEARCH WARRANTS IN MY CASE WERE DEFECTIVE AND VIOLATED MY CONSTITUTIONAL RIGHTS.

BOTH PRE-TRIAL AND TRIAL COUNSEL WERE UNSUCCESSFUL IN ACHIEVING COPIES OF THE PROBABLE CAUSE HEARING THAT PROMPTED THESE DEFECTIVE WARRANTS — IN FACT, THE PROBABLE CAUSE HEARING AUDIO TAPE WAS NOT EVEN TRANSCRIBED UNTIL YEARS AFTER MY FEDERAL TRIAL.

AFTER 7 YEARS OF DUE DILIGENCE, INCLUDING A CIVIL LAWSUIT AGAINST THE SHERIFF OF MONROE COUNTY, I FINALLY ACHIEVED A COPY OF THE PROBABLE CAUSE HEARING. I THEN LEARNED THE SEARCH AND ARREST WARRANTS WERE ACHIEVED BY ENTIRELY, 100% FALSE STATEMENTS

(1)

AND FORGERY BY A MONROE COUNTY DEPUTY SHERIFF.

I FILED A MOTION ENTITLED, "FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 60(b)(6) MOTION", ENTERED ON 8-1-05, TO CORRECT THESE VIOLATIONS OF MY CIVIL RIGHTS.

THE COURT RESPONDED ON 8-8-05, ORDERING ME TO FILE VIA 2ND/CONSECUTIVE 2255. THIS ORDER WAS ACCIDENTLY MAILED TO MY PREVIOUS ADDRESS IN FCI CUMBERLAND, MD, EVEN THOUGH I HAD SUBMITTED A CHANGE OF ADDRESS NOTICE TO THE COURT ON 4-17-05, ADVISING OF MY TRANSFER TO FCI BUTNER, NC.

FCI CUMBERLAND REJECTED THIS ORDER AND IT WAS RETURNED TO THE COURT ON 8-18-05, AS NOTED ON THE COURT'S 10-6-05 ORDER. IT WAS THEN MAILED TO ME AT FCI BUTNER, ARRIVING ON 10-11-05, 64 DAYS AFTER THE 8-8-05 ORDER WAS ISSUED — FOUR DAYS AFTER THE NOTICE OF APPEAL WAS DUE!

AS THE COURT HAD ALREADY NOTED, THE ACCIDENTAL MAILING OF

(2)

THE 8-8-05 ORDER TO FCI CUMBERLAND, IT WAS UNNECESSARY TO RAISE THIS LATE ISSUE WHEN I SUBMITED MY REQUEST FOR COA, AS THE COURT WAS ALREADY AWARE OF MY INABILITY TO RESPOND TO THE 8-8-05 ORDER IN A TIMELY MANNOR, FOR IT WAS DUE THE DAY AFTER THE 8-8-05 AND 10-6-05 ORDERS WERE MAILED.

THE 7th CIRCUIT COURT OF APPEALS THEN MISCALCULATED THE DATES AND TIMES IN IT'S 11-8-05 ORDER AND DID NOT REALIZE THE 8-8-05 ORDER FROM THIS COURT WAS ACTUALLY RECIEVED BY ME FOUR DAYS PAST THE DEADLINE TO SUBMIT MY REQUEST FOR APPEALABILITY. IT WAS ALSO TOO LATE TO REQUEST A TIME EXTENTION BECAUSE THAT WOULD HAVE ONLY DELAYED MY REQUEST FOR COA EVEN FURTHER, AS IT WAS ALREADY LATE DUE TO THE TARDINESS OF THE 8-8-05 ORDER REACHING ME.

AS ANYONE CAN PLAINLY SEE, THE REASON WHY MY REQUEST FOR COA ARRIVED TO THE COURT BEYOND THE 60 DAY LIMIT WAS

(3)

BEYOND MY CONTROL AND I WAS NOT AT ALL TO BLAME FOR THIS LATENESS. I AM HOPING THESE ERRORS CAN BE CORRECTED WITHOUT THE NEED FOR A NEW CIVIL ACTION, AS THAT WILL ONLY FURTHER DELAY JUSTICE IN THESE MATTERS.

THE ISSUES SET FORTH IN MY RULE 60(b)(6) MOTION ARE BLATENT AND DENIED ME OF MY CONSTITUTIONAL RIGHTS UNDER THE 4th, 5th, 6th, AND 14th AMENDMENTS. IT IS PARAMOUNT TO MY CIVIL RIGHTS AND AMERICAN JUSTICE THAT THE ISSUES IN MY MOTION BE CORRECTED.

RESPECTFULLY,

DAVID K. DANSER, Pro Se

(4)

AFFADAVIT

1. I SENT THE U.S. DISTRICT COURT OF SOUTHERN INDIANA NOTICE OF ADDRESS CHANGE TO FCI BUTNER, NC ON APRIL 17, 2005.

2. THE COURT'S AUGUST 8, 2005 AND OCTOBER 6, 2005 ORDERS ARRIVED TOGETHER TO ME AT FCI BUTNER ON OCTOBER 11, 2005.

I, DAVID K. DANSER, SWEAR UNDER PENALTY OF PERJURY, THAT ALL I HAVE STATED IN THIS AFFADAVIT IS TRUE AND CORRECT.

SIGNED, *David K Danser*

DATED, JUNE 11, 2006

DAVID K. DANSER

v

UNITED STATES
of AMERICA

REQUEST FOR APPEALABILITY
ON FRANKS HEARING MOTION
AND PLAIN ERROR REVIEW
MOTION

ON APRIL 28, 2006, THE COURT DISMISSED TWO SEPERATE MOTIONS THAT DEFENDANT WISHES TO APPEAL: No. 1 ON THE ORDER, "MOTION FOR PLAIN ERROR REVIEW; AND No. 2, "REQUEST FOR FRANKS HEARING".

Respectfully

*[signature]*

DAVID K. DANSER, Pro Se